J. B. SNODDY *v.* E. M. BOLES.

[Abstract Kentucky Law Reporter, Vol. 7—225.]

**Deed Executed to Secure Debt is Only a Mortgage.**

Where the owner of real estate borrows money of another and executes a deed conveying to him his farm as security and also executes to him notes for the amount and takes back from him a bond for a deed, all being executed at the same time, they are in legal contemplation but one transaction and it may be shown by parol that such deed was intended to be a mortgage.

APPEAL FROM BARREN CIRCUIT COURT.

September 29, 1885.

OPINION BY JUDGE HOLT:

The transaction between the appellant and the appellee, as to the land in contest, was clearly not a purchase of it by the latter of the former; but in legal effect a mortgage by the appellee, E. M. Boles, to the appellant, John B. Snoddy, to secure the latter in the payment of money loaned by him to Boles to pay Mansfield's lien.

Not only all the circumstances, but the testimony, requires such a conclusion. The appellee says in his answer, that the agreement was, "that plaintiff would advance or pay Mansfield's debt and take the title and sell the land to this defendant for the same amount, provided defendant would pay to him, plaintiff, 10 per cent. on the deferred payment."

One would suspect from this statement that the transaction was in reality but a mortgage. He says in his testimony that the land in fact belonged to him, but that the legal title was in Mansfield to secure a debt which he owed him; that the latter having become involved had assigned it, and the assignee was requiring payment; that upon his (Boles) application, the appellant agreed to loan him the money to pay it, by his securing him by a mortgage on the land; that when they met to carry out the arrangement the appellant refused to do so; but offered to buy the land by paying Mansfield's debt; take the deed directly from Mansfield to himself; and then sell the land to the appellee for what he (Snoddy) had given for it; that the appellee was compelled to agree to this; and then paid appellant $102.50 of the $577.50 Mansfield debt; executed a note to the appellant for the remaining $475.00 for which the note sued on is *pro tanto* a renewal, and the latter then gave him a title bond by the terms of which a deed was to be made to him by the appellant upon the payment of the note. It is noticeable that according to appellee's own version of the transaction, the appellant was to harvest no more than he had sown, save ten per cent. interest on his money. No advantage was to accrue to him save that usual to a loan.

The note given to the appellant, the bond to the appellee, and the deed from Mansfield to the appellant, were all executed at one time; and in legal contemplation, as well as in point of effect, were but one transaction. It is competent to show by parol evidence that an absolute deed and a separate defeasance were but one transaction; and were intended to constitute a mortgage. Such testimony is allowed, not for the purpose of contradicting the writings, but to show that

they together constitute but one contract. To determine whether the transaction was a sale or only a mortgage, we must look to the intention, and the substantial object inter partes. They may be ascertained not only from the writings, but from the condition and conduct of the parties; and hence each case must depend upon its own peculiar circumstances. If, however, a consideration of them leaves the matter in doubt the law will construe it to be a mortgage, as such a result will be most likely to prevent injustice; and it is a general rule that an absolute deed and a separate defeasance, simultaneously executed, constitute in legal contemplation but one instrument, and the entire transaction but a mortgage. Although a deed may be absolute upon its face, yet if in reality the transaction was but a loan, it will be held to be but a mortgage. The eye of a court of equity looks through the forms and provides for substantial justice where the law has failed to do so.

The appellee, so far as his testimony tends to prove a sale to him, is entirely unsustained by any other witness. He is contradicted by the appellant; by the draftsman of the papers, and by another witness; all three of whom testify that it was understood at the time that the deed to the appellant and the bond from him to the appellee were to operate only as a mortgage; that they were executed at the instance of the draftsman, who was an attorney, to save the trouble and expense of them making a deed from Mansfield to Boles, and then a mortgage from the latter to the appellant; and at least one of these witnesses, and who is disinterested, testifies that the appellee paid to the assignee of the Mansfield note $102.50, and that the appellant furnished the remaining $475.00. It is clear that both the appellant and the appellee contemplated the execution of mortgage to secure the latter; that he was to derive no benefit from the transaction save interest upon the money advanced by him, which was ten per cent. or the usual rate on a loan. These facts, together with the positive testimony, show so plainly that the transaction was but a borrowing and a lending, that we can not concur with the lower court, although its judgment is entitled to high regard.

It would certainly be inequitable after the appellant has paid the debt to the appellee to compel the former to refund whatever the appellee has repaid him, and to deny whatever is yet due to the appellant.

There is no difference in principle between this case and where

the one to whom the defeasance is given is the grantor. In fact the appellee was the real owner of the land; and it can not avail him that Mansfield, by his consent, made the deed to the appellant. If the bond had not been given to the appellee by the appellant, yet under the state of case presented the former could have maintained an action to redeem the land, or could have compelled the appellant to convey it to him upon the repayment of what the appellant had paid; and it follows that the appellant is entitled to recover.

The conclusion reached by us disposes of the cross-appeal, and it is dismissed; and the appeal of Snoddy is sustained and both the judgments from which he has appealed are *reversed,* and cause re manded for further proceedings consistent herewith.

*W. P. D. Bush, John Ritter, for appellant.*

*Boles & Eubank, for appellee.*

[Cited, *Sheffield v. Day,* 28 Ky. L. 756, 90 S. W. 545.]